499 A.2d 1069

**Harry PASTUSZEK, Jr., and Michale Pastuszek, Co-Executors for Irene Pastuszek, Deceased, Appellants,**

**v.**

**Harry PASTUSZEK, Appellee.**

Superior Court of Pennsylvania.

Argued May 21, 1985.

Filed Oct. 18, 1985.

Melva L. Mueller, West Chester, for appellants.

Michael P. Dignazio, Media, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

CAVANAUGH, Judge:

Irene Pastuszek filed a complaint in divorce under the Divorce Code, 23 Pa.C.S. § 201(d), against her husband, Harry Pastuszek, in September, 1980.[1] The defendant below, Harry Pastuszek, who is the appellee herein, filed preliminary objections to the complaint which were dismissed. A master in divorce was appointed and the appellee filed a motion to have the appointment stricken, but

1. The complaint in divorce alleges that the parties "have lived separate and apart for a period of at least three (3) years, and the marriage is irretrievably broken." The plaintiff below specifically petitioned in her complaint in divorce for alimony pendente lite, reasonable counsel fees and equitable distribution of marital property.

before argument was heard he appealed to this court from the order appointing the master. We granted the petition of Irene Pastuszek to quash the appeal on January 17, 1983. On February 2, 1983, the Master filed his report recommending the grant of a divorce. A decree in divorce was entered on March 18, 1983, and the decree provided that "the court reserves jurisdiction to dispose of ancillary matters properly raised by the parties heretofore."

Irene Pastuszek died on July 19, 1983, before any action was taken in the court below pertaining to the ancillary matters of equitable distribution of marital property, alimony pendente lite and counsel fees. The record discloses that for some time before Mrs. Pastuszek's death she suffered from advanced stages of cancer, and her death appeared imminent at the time the divorce decree was entered. There is evidence that Mr. and Mrs. Pastuszek had interests in real estate amounting to over $400,000.00. Mrs. Pastuszek was survived by four children, two of whom, Harry Pastuszek, Jr. and Michele Pastuszek, are executors of her estate. Under Mrs. Pastuszek's will, her four children share equally in her estate. Mrs. Pastuszek died a resident of the State of Delaware and her estate is subject to the jurisdiction of the appropriate court of that state.

Following Mrs. Pastuszek's death, the executors of her estate were substituted as parties plaintiff in the court below and sought to continue with the ancillary aspects of the divorce proceedings. On May 31, 1984, Labrum, J., following a hearing, granted the appellee's petition to abate the ancillary matters outstanding because of Mrs. Pastuszek's death. The executors of the estate have appealed.

This is a case of first impression in an appellate court of this Commonwealth.[2] The issue is whether a divorce action abates in all respects upon the death of one of the parties subsequent to the entry of the divorce decree (and where

2. In *Delehanty v. Wozman,* 133 Pittsburgh L.J. 263, (1985) the court reached the same conclusion as we have, where a party died after the entry of the divorce decree, but prior to a determination of economic claims.

there has been no appeal taken from the entry of such decree) and prior to the determination of ancillary questions which have been raised before the death of the spouse. We recently determined in *Haviland v. Haviland,* 333 Pa.Super. 162, 481 A.2d 1355 (1984) that a pending divorce action abates upon the death of one of the spouses prior to the entry of the divorce decree. We must now go beyond the scope of *Haviland, supra,* to determine if the action abates with respect to economic matters once the divorce decree has been entered.[3]

In the instant case there was a bifurcation of the entry of the divorce decree and the consideration of economic claims. The Divorce Code permits such bifurcation as it is provided in 23 Pa.C.S. § 401:

### § 401. Decree of court

(a) In all matrimonial causes, the court having jurisdiction may either dismiss the complaint or enter a decree of divorce or annulment of the marriage.

(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The court may order

---

**3.** Where a direct appeal has been taken from the entry of the divorce decree, and pending resolution of the matter on appeal, one of the parties dies, the matter on appeal does not abate. *Hall v. Hall,* 333 Pa.Super. 483, 482 A.2d 974 (1984).

alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable.

While the statute provides that the divorce decree shall contain an order or orders "determining and disposing of existing property rights and interests between the parties," and other matters, it further provides in § 401(b) that "in the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment." The statute permits a bifurcated proceeding whereby the divorce decree is entered and the ancillary matters are subsequently disposed of. In *Carney v. Carney*, 20 Pa. D & C 3d 749 (C.P. Erie County 1983) the court determined that § 401(b) appears to allow bifurcation and noted at 20 Pa D & C 3d 750:

This court believes that the legislature recognized that the disposition of marital property, sometimes acquired over many years, cannot always be accomplished in the shortened period in which a divorce can be obtained.

See also, *Casey v. Casey*, 18 Pa D & C 3d 24 (C.P. Allegheny County 1980); Pa.R.C.P. 1920.52.[4]

**4.** Pa.R.C.P. 1920.52 dealing with the procedure in divorce cases, permits the entry of separate decrees involving marital property, alimony pendente lite, and counsel fees and expenses and states:

**Rule 1920.52. Hearing by Court. Decision. Decree**
 (a) In claims involving
*(1) marital property,*
(2) enforcement of marital agreements,
(3) custody,
(4) alimony,
(5) paternity,
(6) a contested action of divorce, or
(7) a contested action for annulment,

■ While the entry of the divorce decree may be bifurcated from the ancillary proceedings, *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983), opinion by Cirillo, J., makes it clear that the decision to bifurcate may not be granted *pro forma* and the court must knowingly exercise its discretion before it permits bifurcation.[5] In *Wolk, supra*, the court below bifurcated the proceedings and entered a divorce decree leaving the economic claims to be disposed of at a later date. The court did not state its reasons for severing the divorce decree and economic claims. An appeal was taken from the divorce decree and other orders. We reversed and remanded for a hearing to determine if the court should grant bifurcation and requiring the hearing judge to set forth his reasons for permitting such bifurcation. In *Hall v. Hall*, 333 Pa.Super. 483, 482 A.2d 974 (1984), the husband in a divorce proceeding petitioned for bifurcation. The court entered a divorce decree and retained jurisdiction over economic claims raised by the defendant-wife. The defendant appealed to this court from the decree granting the divorce and other orders. Pending

the trial judge shall enter a decision which shall state the reasons therefor. The practice and procedure thereafter shall be in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive.

 (b) In claims involving

(1) child support,

*(2) alimony pendente lite,*

*(3) counsel fees, costs and expenses,*

(4) an uncontested action of divorce, or

(5) an uncontested action for annulment,

the decision of the trial judge may consist only of general findings.

 (c) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims.

 *(d) In all cases, the court shall enter a decree separately adjudicating each claim.* (Emphasis added)

**5.** The court in *Wolk v. Wolk, supra,* stated at 318 Pa.Super. 318, 464 A.2d 1362:

Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

See also *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984).

appeal the plaintiff died. We held that under the standards set forth in *Wolk, supra,* the court below did not properly exercise its discretion prior to granting bifurcation. We reversed the decree of divorce but did not remand as it would have been futile for the court below to decide whether it should have bifurcated the proceedings. It could not then grant a divorce as the plaintiff was deceased.

■ In the case before us, there was no appeal from the entry of the divorce decree and neither party challenges the validity of the divorce. This factor distinguishes our case from *Wolk* and *Hall, supra.* It is clear that the court below did not meet the standards of *Wolk* in severing the divorce aspect from economic claims as it did not weigh the factors to be considered in granting bifurcation and:

such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed. Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should it grant the petition.

*Wolk v. Wolk,* 318 Pa.Super. at 317–18, 464 A.2d at 1362.

■ If the appellee had appealed from the decree granting the divorce, the outcome might have been different under *Hall, supra.* In the posture of the matter under review, the divorce decree is final and not subject to attack. The court had jurisdiction to enter the decree, notwithstanding the procedural defect in severing the economic claims from the divorce itself without making a record determination of the reasons for bifurcation.

■ Directing our attention to the central issue before us, we hold that where a decree in divorce is entered and is no longer subject to modification, and the court retains jurisdiction over ancillary matters previously raised by the parties, the death of one of the parties prior to determination of the ancillary matters does not abate the action. This in no way conflicts with our recent decision in *Haviland v. Haviland, supra,* that the death of a spouse *prior to the*

*entry of a divorce decree* abates the action, including any equitable distribution of marital property. In our case the divorce decree was entered, and as noted in *Haviland v. Haviland, supra,* 333 Pa.Super. 162, 481 A.2d 1357: *"Moreover, the Divorce Code only authorizes distribution of marital property in conjunction with a decree granting a divorce"*. (Emphasis added.) [6] The determination of economic claims flows from the divorce decree, which is the *sine qua non* of any consideration of economic matters. In considering the distribution of marital property, the Code sets forth many factors that come into play under 23 Pa.C.S. § 401.[7] Included in the factors to be considered are

6. Our Supreme Court noted in *Bacchetta v. Bacchetta,* 498 Pa. 227, 234, 445 A.2d 1194, 1198 (1982): "As in other jurisdictions, equitable distribution occurs only upon divorce, when the need for economic assistance to the spouse with lesser resources is real and immediate." We do not interpret this as a bar to equitable distribution and disposition of other economic claims following the death of a spouse subsequent to the entry of the divorce decree which has become final.

7. 23 Pa.C.S. § 401(d) provides:

(d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

Marital property is defined at § 401(f) of the Divorce Code and includes marital property acquired before the effective date of the Code. *Lazovitz v. Lazovitz,* 307 Pa.Super. 341, 453 A.2d 615 (1982).

the contribution that a spouse made to the education of the other spouse, the contribution that he or she made in acquiring and maintaining property (including the contribution of a party as a homemaker), and the value of the property set aside to each party. These are factors that do not necessarily look to the continued life of both spouses, although some of the factors set forth in 23 Pa.C.S. § 401(d) clearly do, as noted in *Haviland v. Haviland, supra.* If a spouse contributed a great deal to acquiring marital property or to its capital appreciation, a monetary value may be affixed to this. The accident of death, following the entry of the divorce decree, should not preclude the valuation of marital property.

While the appellate courts of this Commonwealth have not been called on to decide the issue before us, it has been been considered in other jurisdictions with a result consistent with our own.[8] In *CEW v. HLW,* 410 A.2d 1024 (Del.Fam.Ct.1979) the issue was whether jurisdiction over ancillary matters was defeated by the death of one of the parties to a divorce action, after the divorce decree was entered and prior to the property division hearing. The court held that the issue was one of first impression in Delaware. It relied on *Olen v. Melia,* 141 N.J.Super. 111, 357 A.2d 310 (Appl.Div.1976) and stated that "abatement is inappropriate where, as here, the final decree has been granted and concludes that the death of petitioner does not disturb this Court's authority to resolve the ancillary mat-

---

**8.** In *Wolk v. Wolk, supra,* the issue of the death of a spouse after the entry of a divorce decree was not involved, but the court indicated that if such occurred the action would continue as to economic issues with possible adverse consequences to the surviving spouse. The court stated at 318 Pa.Super. 316–17, 464 A.2d 1362:

> Another problem which arises where a case has been bifurcated involves the impact that the death of one of the parties, subsequent to the issuance of the divorce decree but prior to a determination of the economic issues, has on the surviving spouse's right to equitable distribution.

> ❋ ❋ ❋ ❋ ❋ ❋

> Though this spouse would still have a claim against the decedent's estate under the Divorce Code's equitable distribution process, that claim would be seriously hampered by the surviving spouse being rendered incompetent as a witness by the Dead Man's Rule.

ters now properly before it." Similarly, in *Roeder v. Roeder*, 103 Wis.2d 411, 308 N.W.2d 904 (1981), the husband died after the entry of the divorce decree but before division of marital property. The court held that the family court retained jurisdiction to dispose of property matters relating to the divorce.

 Our conclusion in *Haviland v. Haviland, supra,* that the property provisions of the Divorce Code are intended to apply to living spouses, is limited to the situation where a divorce decree has not been entered. Once the decree has been entered, the right of the spouse to the distribution of marital property and other economic claims where these matters have been properly put in issue before the death of the spouse, is vested. We do not perceive any conflict between this rule and the provisions of any statute dealing with the estates of decedents.[9] By virtue of equitable distribution of marital property and the disposition of other economic claims, some property may become an asset of the decedent's estate and shall be treated by the personal representative as any other estate asset.

 We add a word of caution as to alimony pendente lite, reasonable counsel fees and expenses which are permitted under § 502 of the Divorce Code. The entry of the divorce decree does not alter the right of a former spouse to alimony pendente lite or counsel fees. *See Klein v. Klein,* 20 Pa. D & C 3d 482 (Allegheny 1980). However, entitlement to alimony pendente lite, counsel fees and costs ceased as of the date of Mrs. Pastuszek's death.

Order reversed and case remanded for a determination of economic claims consistent with this opinion. Jurisdiction relinquished.

9. In Pennsylvania, the statute dealing with decedents' estates is found in the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 101 et seq. In this case the personal representatives were appointed by the Surrogate's Court of Delaware and questions concerning assets in the decedent's estate will be governed by the law of that state.