**Brady v. Brady**

*James Nardelli,* for plaintiff.
*Linda Whalen,* for defendant.

MARKER, *J.,* March 26, 1986—This opinion is written in support of the order of this court dated January 23, 1985, dismissing defendant/appellant's exceptions. Defendant/appellant has appealed that decision.

A review of a portion of the chronology of this case is appropriate. This case is a divorce proceeding between plaintiff/appellee and defendant/appellant. Plaintiff/appellee, James Steven Brady, filed a motion to bifurcate the divorce action seeking a divorce decree. A hearing was conducted before this court on November 16, 1984, after which this court, by order, granted the motion to bifurcate, providing that a decree in divorce would be signed divorcing the parties and retaining jurisdiction over the economic issues raised in the proceedings. On November 26, 1984, the decree in divorce was signed by this court, retaining jurisdiction over the economic issues. On November 26, 1984, defendant/appellant filed exceptions to the granting of the decree in divorce.

A court en banc argument was held before this court on January 23, 1985, at which time this court dismissed defendant/appellant's exceptions. Defendant/appellant then filed this appeal to the Superior Court from this order.

At the court en banc argument, this court dismissed appellant's exceptions for the reason that the Divorce Code provides that the validity of a decree in divorce can be questioned only by an appeal and therefore exceptions to the order of court is not the appropriate remedy. Section 605 of the Divorce Code states in part:

"The validity of any divorce or annulment decree granted by a court having jurisdiction over the subject matter may not be questioned by any party who was subject to the personal jurisdiction of such court except by such direct appeal as is provided by law. . . ." April 2, 1980, P.L. 63, §605, 23 P.S. 605.

(Note that the order of this court of January 23, 1985, inadvertently cited 601 instead of 605 as the reason for the dismissal of the exceptions.)

Upon that basis, this court believes that the appeal should have been a direct appeal to the Superior Court from the granting of the decree in divorce as stated in the above section. In addition, there are no local rules of Westmoreland County providing for exceptions to be filed from the granting of a decree in divorce. Therefore, this court believes that the filing of exceptions to the decree in divorce was inappropriate.

Aside from the above-stated reason for the dismissal of exceptions, this court feels it would be appropriate to address the merits of the appellant's exceptions because they relate to the order of bifurcation and the entry of the decree in divorce. This court believes the exceptions are without merit.

As stated earlier in this opinion, a hearing was conducted on the appellee's motion for bifurcation of the divorce proceeding. At the hearing there was no issue concerning the grounds for divorce in this case since plaintiff filed an affidavit under section 201(d) of the Divorce Code, supra, on the basis of a three-year separation, and defendant had actually filed an affidavit under 201(c) on the basis of a mutual consent divorce.

The three exceptions relate not to the issue of whether or not there was grounds for divorce, but to

the propriety of bifurcating the proceedings without a resolution of the economic issues.

Section 401(b) of the Divorce Code, Act of April 2, P.L. 63, §401(b), 23 P.S. §401(b), and Pa.R.C.P. 1920.52(c), provide that the court need not determine all claims at one time, but may enter a decree adjudicating a specific claim or claims. The Superior Court has addressed this matter in the case of *Wolk v. Wolk,* 318 Pa.Super. 311, 464 A.2d 1359 (1983). In the opinion written by Judge Cirillo, the Superior Court stated that the intent of the Legislature under the provision of the Divorce Code was to permit bifurcation. The *Wolk* case declared that there is no requirement which mandates bifurcation nor obligates the court to find clear and compelling necessity before it bifurcates a proceeding. The *Wolk* case clearly states that the decision to bifurcate economic claims from divorce claims, although permissible, should not be made pro forma; rather, such determination should be made only after disadvantages and advantages have been carefully explored and analyzed; each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case would be of greater benefit than not bifurcating, should permission be granted. 23 P.S. §401(b); Pa. R.C.P. 1920.52(c), 42 Pa.C.S. It is in this light that the court conducted the bifurcation hearing.

There are several advantages that appertain to the concept of bifurcation. Some of these advantages are enumerated in the *Wolk* case, supra. The bifurcation accelerates the actual dissolution of the marriage and allows the parties to quickly begin the task of restructuring their lives, As such, each party's personal life is not held hostage to economic demands. In the present case it was obvious to this court that this divorce proceeding had been in litiga-

tion since May 1981, when the appellee filed the complaint in divorce. The parties had been separated over three years. There was no issue raised at the hearing concerning the grounds for the granting of a decree in divorce. The parties are both working in their own chosen professions, plaintiff/appellee as a medical school graduate and intern and defendant/appellant as a pharmacist. This court felt that the parties should get on with their lives and permit the economic issues to be determined later.

This court, in bifurcation proceedings, always considers the issue of support. The purpose of this is that in the event a support order is in existence at the time of the bifurcation hearing, this court considers the conversion of the support into an order of alimony pendente lite following the decree in divorce. That was not a particular problem in this case. The record at the hearing showed that no support order was in existence and that plaintiff/appellee was earning $26,000 per year and defendant/appellant was earning $22,800 per year. In addition, defendant/appellant has filed in her answer to the complaint in divorce, a claim for alimony pendente lite. This court, in granting the decree in divorce, retained jurisdiction of the claims, including the alimony pendente lite issue. Therefore, both parties' interests were protected.

Appellant raised the question that appellee may be hiding a trust fund. That issue is a matter for determination by the filing of income, expense and assets forms and by discovery by way of interrogatories or deposition. It has little to do with the issue of bifurcation of the divorce proceedings. Appellant argued that appellee has not timely answered the interrogatories. However, the remedy for such delay is to seek sanctions to obtain such relief.

Appellant argued at the hearing, that her interest would be prejudiced by the entry of the decree in divorce because in the event appellee died during the pendency of litigation, appellant would be denied economic relief. To the contrary, just the opposite would exist. In support of her argument, appellant cites the case of *Haviland v. Haviland,* 333 Pa. Super. 162, 481 A.2d, 1355 (1984). The *Haviland* case, supra, determines that the death of one of the parties terminates the divorce action. In that case, however, the one party died prior to the entry of a decree in divorce and therefore, the case abated. Therefore, the other party could not pursue the economic issues. However, the case of *Pastuszek v. Pastuszek,* 346 Pa. Super. 416, 499 A.2d 1069 (1985), is apropos to the present case. *Pastuszek,* supra, interpreted *Haviland,* supra, to apply to living spouses, when the divorce decree has not been entered. However, Judge Cavanaugh stated in the *Pastuszek* case that once the decree has been entered, the right of the spouse to the distribution of marital property and other economic claims, where these matters have been properly put at issue before the death of the spouse, is vested. As a result, in the present case, after a decree in divorce, the appellant could still pursue the economic claims. It would appear in the present case, the parties' interest were fully protected.

At the hearing this court was concerned with the long delay in concluding this case and urged the parties to file a motion to appoint a master to hear the economic issues. In this way, both parties could ultimately conclude the remaining issues raised in the proceedings. However, that was no reason to preclude bifurcating the proceedings and entering a decree in divorce.

This court therefore concluded that the advantages clearly outweigh the disadvantages and that the bifurcation be granted and the decree in divorce entered. Therefore, this court ordered that the exceptions filed by appellant be dismissed.