OPINION OF THE COURT
. C. Raymond Radican, J.
In these proceedings, the administrator of the estate of Mindy Sue Schwartz seeks a determination that the surviving spouse caused the death of the decedent and that the estate is entitled to equitable distribution pursuant to Domestic Relations Law § 236. The surviving spouse seeks an order granting *1065 summary judgment and the fiduciary of the estate has cross-moved for summary judgment on the question of equitable distribution. The petition incorporates a proceeding for wrongful death.
Mindy Sue Schwartz and Samuel Schwartz were married on October 23, 1978. On or about August 19, 1983, Mindy Sue commenced a divorce proceeding in the Supreme Court, Nassau County. In August 1985, she was found dead at her residence in Woodmere, New York. At the time of her death, the divorce proceeding had not yet progressed to trial.
In the proceeding for letters of administration, the court granted temporary letters of administration to the decedent’s father, Kalman Sperber, and authorized him to commence a proceeding for wrongful death and equitable distribution subject to any possible motions that may be brought after the commencement thereof (NYU, Jan. 27, 1986, p 16, col 6). Thereafter, the administrator filed the instant petition.
The surviving spouse seeks accelerated judgment on the grounds that equitable distribution is not available to the estate of a deceased spouse who dies before a judgment granting a divorce. The administrator cross-moves for an order granting summary judgment.
The threshold question, then, is whether equitable distribution of marital property can be directed where a party to a divorce proceeding dies during the pendency of the proceeding.
The purpose of New York’s equitable distribution statute (Domestic Relations Law § 236) is to provide for distribution of marital property in a fair and just manner (Rodgers v Rodgers, 98 AD2d 386). It was the Legislature’s intention that marriage be viewed as an economic partnership (Governor’s mem, 1980, McKinney’s Session Laws of NY, at 1863; Hebron v Hebron, 116 Misc 2d 803).
However, in New York, the right to equitable distribution of marital property accrues only upon dissolution or termination of the marriage. Domestic Relations Law § 236 (B) (5) (a) provides: "the court, in an action wherein all or part of the relief granted is divorce, or the dissolution, annulment or declaration of the nullity of a marriage, and in proceedings to obtain a distribution of marital property following a foreign judgment of divorce, shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.”
Where a divorce proceeding does not result in a termination *1066 of the marriage, no distribution of marital assets may be effected (Brady v Brady, 101 AD2d 797, affd 64 NY2d 339; Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § C236B:7, p 212 [1986 Supp Pamph]).
The general rule is that where one party dies prior to a decree dissolving or terminating the marriage, the proceeding abates. This conclusion is premised on the theory that the court loses jurisdiction to determine the status of the parties and any ancillary issues regarding their property rights (e.g., Haviland v Haviland, 333 Pa Super Ct 162, 481 A2d 1355; Castonguay v Castonguay, 166 NJ Super 546, 400 A2d 130).
Exceptions have been recognized where there is a written decision, an oral decision granting the divorce (In re Roeder v Roeder, 103 Wis 2d 411, 308 NW2d 904) where testimony had been taken (Fulton v Fulton, 204 NJ Super 544, 499 A2d 542) or where the court granted equitable distribution by decree in the absence of a divorce decree (Reese v Reese, — Pa Super Ct —, 506 A2d 471).
In New York, the rule is that a divorce proceeding abates at the death of either party (1 Foster-Freed, Law and the Family § 5:23). At death, the marital relation no longer exists and a judgment cannot be entered (Cornell v Cornell, 7 NY2d 164; Davis v Davis, 75 AD2d 861, affd 52 NY2d 850) with the exception that a judgment can be entered nunc pro tunc where a decision was rendered granting the divorce (Cornell v Cornell, supra; Jayson v Jayson, 54 AD2d 687). At the time of Mindy Sue’s death, the parties were still married and no decision had been rendered, either oral or written.
The laws of New York do not entitle each spouse to a present vested ownership in marital property during marriage, as in community property States (e.g., Idaho Code § 32-906; Nev Rev Stat § 123.220; La Civ Code Ann art 2336; see, Calaban, Community Property Law in the United States § 7.14 [1982]; 13 Creighton L Rev 71). Under New York’s common-law system, ownership is determined by title. There is no provision for equitable division of property following death. The beneficiaries of the estate of the deceased spouse succeed to the property to which the decedent held title (subject to the spouse’s elective share [EPTL 5-1.1].) If the commencement of a divorce proceeding automatically entitled the spouse to equitable distribution the laws of intestacy and testamentary disposition would be impaired (see, Haviland v *1067 Haviland, supra). A surviving spouse may have a right to elect against his or her spouse’s estate but that right does not come into being until death. There is no vested right, if any, until death (EPTL 5-1.1). With Domestic Relations Law § 236 there is no vested right during the marriage, the right coming into being only when there is a divorce.
The court concludes that, as a general rule, the right to equitable distribution of marital property abates at the death of one of the parties to a divorce proceeding. If the law is to be otherwise, it is for the Legislature and not the courts to create such a right. When the Legislature enacted Domestic Relations Law § 236, it could have so provided, but elected not to. The court can find no basis for concluding that the Legislature intended to include such a right (Governor’s mem, op. cit., at 1863; Assembly mem in support of legislation).
Parenthetically, it is noted that while statutes such as EPTL 5-1.1 are liberally construed in favor of the surviving spouse (see, Matter of Aaronson, 20 AD2d 133) in the case of equitable distribution, a liberal construction here would not benefit the wife but only the beneficiaries of her estate.
The second question which must be addressed is whether a different conclusion should be reached where the surviving spouse intentionally causes the death of the deceased spouse.
The affidavit of Samuel Schwartz, dated July 11, 1986, concedes that the decedent was the victim of a homicide. The District Attorney has not charged anyone in connection with her death. The administrator of the estate of Mindy Sue Schwartz alleges that Samuel Schwartz was directly responsible for Mindy Sue’s death or that he assisted in bringing about her death by facilitating access to the Woodmere residence. There are few cases which address the question of the right to equitable distribution where one spouse causes the death of the other.
In Jacobson v Jacobson (146 NJ Super 491, 496, 370 A2d 65, 68 [1976]), the court determined that a wife’s claim for equitable distribution did not abate where the husband was charged with causing her death. The court reasoned that it would be "wrong, unfair and grossly inequitable to permit the husband * * * to thwart the intent of the Legislature to grant married women rights in property which they never enjoyed before”.
Similarly, in Howsden v Rolenc (219 Neb 16, 360 NW2d 680 [1985]), the court found that the general rule regarding abatement did not apply where the husband pleaded guilty to a *1068 charge of second degree murder in the death of his spouse. The court stated that public policy prohibits a person who commits a homicide from benefiting from the death of his victim, citing a Nebraska statute which codifies the principle. The court determined that the wife’s motion to set aside part of the decree of dissolution to provide for equitable distribution and other relief (commenced prior to her death), did not abate but rather survived for the purpose of determining whether she had been deprived of the right to equitable distribution.
However, in Segars v Brooks (248 Ga 427, 284 SE2d 13 [1981]), the right to equitable distribution was found to have abated where the wife was allegedly shot to death by her husband. The court reasoned that it should be presumed the parties might have reconciled.
In Drumheller v Marcello (351 Pa Super Ct 139, 505 A2d 305 [1986]), equitable distribution was not permitted where the wife was killed by her husband while the proceeding was pending.
In Simpson v Simpson (473 So 2d 299 [Fla 1985]), the wife was killed by her husband and the wife’s attorney requested the court to divide the marital property so that her children could succeed to the mother’s share. The court determined that the action for dissolution had terminated and division of the wife’s property should be the subject of a separate probate proceeding.
There are many rules of construction which may be utilized in the interpretation and application of statutes (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 71-343). One rule is that the Legislature is presumed to intend a result which is fair and reasonable. A statute, unless the language forbids, must be given an interpretation and application consonant with that presumption (Biancoviso v City of New York, 285 App Div 320; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 146, 152). "It must be assumed that the law-makers, who represent the people, enact all laws in the light of what the people believe is honest, fair and equitable and in harmony with the public welfare * * * Justice and reason constitute the great general legislative intent in every piece of legislation.” (Crawford, Statutory Construction § 179, at 299 [1940].)
In the landmark case of Riggs v Palmer (115 NY 506), the court concluded that a murderer should not be permitted to succeed to an interest in his victim’s estate. The court rea *1069 soned that it was inconceivable that the Legislature intended the statute providing for the devolution of property to apply in such a case.
Justice Cardozo, in his analysis of the case said: "Analogies and precedents and the principles behind them were brought together as rivals for precedence; in the end, the principle that was thought to be most fundamental, to represent the larger and deeper social interests, put its competitors to flight.” (Cardozo, The Nature of the Judicial Process, at 41-42 [1921].)
The principle that a divorce proceeding abates at the death of one party must yield to the principle that one may not take advantage of his own wrongful conduct. It must, therefore, be concluded that the Legislature did not intend generally that one who intentionally or recklessly (and not by accident or in self-defense) causes the death of his spouse with requisite conscious awareness of the consequences (Matter of Wells, 76 Misc 2d 458, affd 45 AD2d 993) should be permitted to retain title to property which would otherwise have been distributed to the decedent as an equitable share of marital property pursuant to Domestic Relations Law § 236.
This theory has been applied to prevent a person who kills another from taking under the victim’s will (Riggs v Palmer, supra), succeeding to a share of the victim’s estate in intestacy (Bierbrauer v Moran, 244 App Div 87; Matter of Sengillo, 206 Misc 751), receiving the proceeds of an insurance policy on the life of the victim (Boatwright v Hartford Ins. Group, 64 AD2d 262; Matter of Loud, 70 Misc 2d 1026; see, Ann., 27 ALR3d 794), succeeding to sole title and ownership of property held in joint tenancy (Matter of Pinnock, 83 Misc 2d 233) or tenancy by the entirety (Matter of Busacca, 102 Misc 2d 567; see, Ann., 42 ALR3d 1116; see, Ann., 25 ALR4th 787; 68 Mich L Rev 65).
In all of the foregoing cases, the wrongdoer was prohibited from acquiring or expanding an interest in property, as distinguished from a forfeiture which deprives a person of property which he already possesses, in violation of the statutory prohibition against forfeiture (Civil Rights Law § 79-b).
However, in Logan v Whitley (129 App Div 666) principles of contract law and equity were applied to deprive the estate of a husband of property. The estate of the deceased husband who killed his wife was prohibited from avoiding an antenuptial agreement which conditioned the payment of money on the survivorship of the wife.
*1070 It has been suggested that a similar result may be appropriate where a decedent, who is killed by his spouse, is thereby prevented from asserting an elective share against the estate of the murderer (who subsequently dies) (49 Harv L Rev 715, 747), and the same should be true of an equitable distribution case.
As far as constitutional limitations are concerned, it is noted that marriage may be regulated and controlled and property rights determined by the Legislature without violating the provisions of the Federal or State Constitutions concerning the taking of property without due process of law (Tucker v Tucker, 80 AD2d 244, mod on other grounds 55 NY2d 378; Coffman v Coffman, 60 AD2d 181). Should it be determined that a wrong was committed, which entitles the decedent’s estate to equitable distribution, the effect would merely be to prevent the wrongdoer from avoiding a statutory provision for the division of marital property.
The surviving spouse would be deprived of property which he would have lost if the divorce proceeding had continued and thus there is "no greater or other punishment” imposed upon him "than the law specifies” (Riggs v Palmer, supra, p 513) and no violation of Civil Rights Law § 79-b.
In some cases, the surviving spouse may prefer that equitable distribution take place. Whether or not it would benefit the survivor depends upon the ownership of property which would be divided as marital property. If the decedent held title to most of the property, the survivor would most likely benefit from equitable distribution. However, equitable distribution should not be directed where it would benefit the wrongdoer but rather where the fiduciary of the estate of the deceased spouse so elects.
Accordingly, the court concludes that, generally, where one party to a pending divorce proceeding intentionally or recklessly causes the death of his spouse with a conscious awareness of the possible consequences, the limitations of Domestic Relations Law § 236 (B) (5) (a) should not be imposed and the fiduciary of the estate of the deceased spouse, if he so elects, is entitled to a determination and decree regarding equitable distribution. If the court finds that the surviving spouse is guilty of the "wrongdoing” described heretofore then he would be barred from sharing in the estate (Matter of Wells, supra).
The estate of Mindy Sue Schwartz may be entitled to equitable distribution of the marital assets and the motion to *1071 dismiss the second cause of action pursuant to CPLR 3211 (a) (7) is therefore denied. The spouse’s motion for summary judgment as to the first cause of action which seeks equitable distribution without any allegation of wrongful homicide is granted and the petitioner’s cross motion is denied. The motion for summary judgment as to the second cause of action, which alleges such conduct, is denied (Midland Mtge. Corp. v 52nd St. Owners Corp., 106 AD2d 376).
The court will hold the wrongful death proceeding in abeyance pending termination of the proceeding for equitable distribution in which the question of the alleged culpability of the surviving spouse will be addressed. Accordingly, the motion to dismiss the third, fourth and fifth causes of action is denied without prejudice to renewal at the appropriate time.
The court declines to entertain the sixth cause of action for necessaries and the seventh cause of action for appraisal and experts’ fees and the motion for summary judgment addressed to these causes of action. These are matters which should be addressed by the Justice who presided over the divorce proceeding in the Supreme Court, Nassau County.
The court is forwarding a copy of this decision to the Law Revision Commission and Senate and Assembly Judiciary Committees for study to determine what, if any, revisions in Domestic Relations Law § 236 are warranted.