580 A.2d 384

**Samuel Harrison MYERS, Appellee,**

v.

**Marion Ward MYERS, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1990.

Filed Sept. 27, 1990.

Rober N. Leather, Philadelphia, for appellant.

Malcolm W. Berkowitz, Philadelphia, for appellee (Submitted).

Before WIEAND, McEWEN and HUDOCK, JJ.

WIEAND, Judge:

This is an appeal from an order dismissing as moot a divorce action after one of the parties died prior to entry of a decree in divorce. Prior decisions and the terms of the Divorce Code of 1980 require that we affirm.

Marion Ward Myers and Samuel Harrison Myers were married on January 14, 1972. A complaint in divorce was filed by Samuel Harrison Myers on September 29, 1982. His wife filed a counterclaim seeking equitable distribution of marital property. A master's hearing was held on April 25, 1985, when both parties stipulated that their marriage was irretrievably broken. Before a decree in divorce had been entered, however, Samuel Harrison Myers died. Thereafter, the master[1] recommended that an order be entered dismissing the divorce action as moot. When such an order was entered, Marion Ward Myers appealed. Although conceding that the divorce action abated upon the death of her husband, she argues that the ancillary matter of equitable distribution did not abate but remains viable. We disagree.

The Divorce Code of 1980[2] provides for the distribution of marital property in conjunction with a decree granting a divorce. *Bacchetta v. Bacchetta*, 498 Pa. 227, 235, 445 A.2d 1194, 1198 (1982); *Haviland v. Haviland*, 333 Pa.Super.

---

**1.** The original master died following the hearing, and a second master was thereafter appointed by the court.

**2.** Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq.

162, 164, 481 A.2d 1355, 1357 (1984). "The determination of economic claims flows from the divorce decree, which is the *sine qua non* of any consideration of economic matters." *Pastuszek v. Pastuszek,* 346 Pa.Super. 416, 424, 499 A.2d 1069, 1073 (1985) (emphasis in original). "Once the [divorce] decree has been entered, the right of the spouse to the distribution of marital property and other economic claims[,] where these matters have been properly put in issue before the death of the spouse, is vested." *Pastuszek v. Pastuszek, supra,* 346 Pa.Superior Ct. at 426, 499 A.2d at 1074. See Divorce Code, *supra,* § 401(b). See also: *Peterson v. Goldberg,* 146 Misc.2d 474, 550 N.Y.S.2d 1005 (1990); *In re Marriage of Davis,* 95 Ill.2d 474, 70 Ill.Dec. 4, 448 N.E.2d 882 (1983); *Husband C.E.W. v. Wife H.L.W.,* 410 A.2d 1024 (Fam.Ct.Del.1979); *Olen v. Melia,* 141 N.J.Super. 111, 357 A.2d 310 (1976) (where divorce decree is entered, and court retains jurisdiction over ancillary matters previously raised by parties, death of one party prior to determination of ancillary property matters does not abate action). However, "[u]nless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property." *Reese v. Reese,* 351 Pa.Super. 521, 526, 506 A.2d 471, 474 (1986), quoting *Drumheller v. Marcello,* 351 Pa.Super. 139, 142, 505 A.2d 305, 306 (1986)[3] and *Laxton v. Laxton,* 345 Pa.Super. 450, 455, 498 A.2d 909, 912 (1985). Therefore, because a divorce action is abated by the death of one of the parties prior to the entry of a decree, economic claims are also abated by the death of one of the parties prior to the entry of a decree. *Haviland v. Haviland, supra.* See also: *Pastuszek v. Pastuszek, supra; Radcliffe v. Radcliffe,* 137 Misc.2d 859, 522 N.Y.S.2d 823 (1987); *Matter of Estate of Schwartz,* 133 Misc.2d 1064, 1065–67, 509 N.Y.S.2d 729, 731 (1986) (as general rule, right to equitable distribution of marital property abates at death of one of parties to divorce proceeding); *Castonguay v. Castonguay,* 166 N.J.Super. 546, 400 A.2d 130 (1979) (death of husband during pendency of divorce proceeding abates

---

**3.** *Drumheller v. Marcello* was reversed on other grounds by the Supreme Court of Pennsylvania at 516 Pa. 428, 532 A.2d 807 (1987).

divorce action and any and all claims for equitable distribution).

Appellant's reliance on *Drumheller v. Marcello,* 516 Pa. 428, 532 A.2d 807 (1987) is misplaced. There, while a divorce action was pending, the husband shot and killed his wife and then took his own life. Relying on the Slayer's Act, 20 Pa.C.S. § 8801 et seq., the Court held that the husband could not be permitted to benefit by his own, wrongful act and, therefore, could not avoid a decree of equitable distribution by killing his or her spouse. This was a policy decision which must be limited to its own facts. It does not alter the general rule that a divorce action, as well as ancillary property claims, are abated by the death of one of the parties before a decree in divorce has been entered.

If Marion Ward Myers and Samuel Harrison Myers were validly married, their marriage was terminated by Samuel's death and not by decree of divorce.[4] The widow's property rights must be determined accordingly. She is not entitled to pursue equitable distribution in the abated divorce action.

Order affirmed.

---

4. Our decision makes it unnecessary to determine whether the marriage was bigamous and, if so, whether it was void ab initio or merely voidable by an action in divorce. In any event, the husband's death prior to the entry of a decree in divorce caused the present action to abate.