T.C. Summary Opinion 2018-45


UNITED STATES TAX COURT


CHEVY FRANKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7208-16S.                    Filed September 19, 2018.


<u>Ronald J. Cohen</u>, for petitioner.

<u>Duke J. Kim</u>, for respondent.


SUMMARY OPINION


COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Section references are to the Internal Revenue Code in effect for
the year in issue.  Rule references are to the Tax Court Rules of Practice and
Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner has a $13,597 deficiency in Federal income tax for 2013 and is liable for an accuracy-related penalty under section 6662(a) of $2,719. After concessions, the issue for decision is whether petitioner may deduct $37,700 for mortgage interest on her family's second home. Her husband held legal title to that property, but petitioner contends she held equitable title. We hold that she did not hold equitable title and thus may not deduct mortgage interest relating to that property.[2]

## Background

Some of the facts have been stipulated and are so found. For all times relevant here the primary residence of petitioner and her husband was in Orange County, New York.

A.    Sullivan County Home

On September 27, 2005, petitioner's husband purchased (i.e., was named as the grantee in the deed for) a home in Sullivan County, New York (Sullivan County home), used by petitioner, their children, and him as a second home.

---

[2]Petitioner concedes that she is liable for the accuracy-related penalty if respondent prevails on the interest deduction issue.

Petitioner's husband encumbered the property with a mortgage. Four days later, on October 1, 2005, petitioner and her husband made the following agreement (agreement):

SPOUSAL MARITAL RESIDENCE AGREEMENT

THIS SPOUSAL MARITAL RESIDENCE AGREEMENT is entered into effective as of the 1st day of October, 2005, among MOSHE FRANKEL, an individual having a mailing address * * * [in Orange County, New York] and CHEVY FRANKEL, an individual having * * * [the same] mailing address,

WHEREAS, Moshe Frankel and Chevy Frankel are husband and wife;

WHEREAS, Both Chevy Frankel and Moshe Frankel have an equal ownership interest in the real property located * * * [in Orange County and Sullivan County, New York] and Chevy Frankel, as the wage earning spouse, has assumed responsibility for the mortgage note and secured mortgage associated with the * * * [Sullivan County property (Property)];

WHEREAS, the Parties make this agreement to address their respective rights and obligations regarding ownership and expenses of the Property;

NOW, THEREFORE, for good and valuable consideration the Parties hereby agree as follows:

1. Recitals Incorporated. The Recitals set forth above are hereby incorporated in and made a part of this Agreement by this reference.

2. Ownership. The Parties acknowledge that they have an ownership interest in those certain marital residences * * * [in Orange County and Sullivan County, New York].

3. Agreement as to Property. Chevy Frankel is the primary income producing spouse. As such, Chevy Frankel agrees that she will be responsible for all of the expenses associated with the mortgage principal, mortgage interest, property and school taxes, required escrows, property insurance, purchase mortgage insurance (if required), all expenses associated with the maintenance of the property and any related expenses. Due to the fact that Chevy Frankel is responsible for and will be paying the aforementioned items, Chevy Frankel and Moshe Frankel agree that only Chevy Frankel will be entitled to claim any deduction on her personal income tax returns for those expenses that she actually paid. Moshe Frankel shall not claim any mortgage interest deduction on his individual income tax returns.

IN WITNESS WHEREOF, Moshe Frankel and Chevy Frankel have executed this Agreement as of the date first mentioned above.

/s/                                              /s/
MOSHE FRANKEL                    CHEVY FRANKEL

B.       Petitioner's and Her Husband's Employment and Earnings Histories

Around 2009 petitioner and her husband held jobs at Avahim, a not-for-profit organization. Petitioner started working for Avahim during or around 2009. Shortly thereafter, petitioner's job apparently was downgraded and her financial situation deteriorated.[3] By 2012 her position was terminated, but she was employed again by Avahim sometime in 2013. In 2013 petitioner's adjusted gross income was $309,025.

---

[3]The record does not indicate where petitioner was employed before Avahim.

Avahim eliminated petitioner's husband's position in 2009. Petitioner's husband had income of $201,210 in 2005 but in 2009, the year he filed his bankruptcy proceeding, he had income of only $63,480. The record does not show whether petitioner's husband had any income after 2009.

C.  Berkshire Bank Account

Petitioner is the sole owner of an account at the Berkshire Bank (account). From 2010 through 2013 petitioner and her husband deposited their salaries into that account. During 2010 and 2011 occasional mortgage payments were made to the mortgagee from that account. Neither petitioner nor her husband made any mortgage payments on the Sullivan County home from July 18, 2011, until that house was sold on February 22, 2013. Petitioner's husband did not pay any property or school taxes for the Sullivan County home.

D.  Petitioner's Husband's Bankruptcy Filing and the Sale of the Sullivan County Home

Petitioner's husband filed for chapter 13 bankruptcy on June 18, 2009. The bankruptcy court approved the sale of the Sullivan County home, which was sold for $82,000 on February 22, 2013.[4] The remaining balance of $204,147 on the mortgage loan was canceled by the mortgagee in the year of the sale. On the

---

[4]The sale was a "short sale", i.e., the sale price was less than the indebtedness on the property.

advice of legal counsel, neither petitioner nor her husband reported any cancellation of indebtedness income associated with the mortgage. The mortgagee allocated $37,700 of the proceeds to accrued but unpaid interest.

E.    Petitioner's and Her Husband's Tax Returns

Petitioner and her husband filed separate Federal income tax returns for 2013.[5] Petitioner deducted mortgage interest of $37,700 for 2013. Petitioner's husband did not deduct any mortgage interest on his Federal income return for 2013.

## Discussion

The sole issue for decision is whether petitioner was the equitable owner of the Sullivan County home and therefore entitled to deduct interest paid on the mortgage for that home.

A.    Burden of Proof

The Commissioner's determination in a notice of deficiency is generally presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that she satisfied the requirements of section 7491 for shifting the burden

---

[5]The year of the sale, 2013, was the only year from 2007 to 2016 for which petitioner and her husband filed separately.

of proof.  See Rule 142(a).  Thus, the burden of proof for all factual issues remains with petitioner.

B.      Petitioner's Contentions

Petitioner contends that she may deduct interest paid on the mortgage on the Sullivan County home because she assumed the benefits and burdens of ownership through the Agreement.  Petitioner also contends that she held equitable title to the Sullivan County home because her husband held legal title to the home.

C.      Discussion

In general, section 163(h)(3) and (4) allows a deduction for interest paid or accrued on certain indebtedness, including acquisition indebtedness on a qualified residence.  The acquisition indebtedness generally must be an obligation of the taxpayer.  See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150; Hynes v. Commissioner, 74 T.C. 1266, 1287 (1980).  Section 1.163-1(b), Income Tax Regs., provides in relevant part, however, that

> [i]nterest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness.  * * *

Petitioner's husband was the sole mortgagor on the mortgage for the Sullivan County home.  Thus, to prevail, petitioner must establish that she was the

equitable owner of the residence during 2013. A taxpayer who assumes the benefits and burdens of ownership may be the equitable owner of the property. See, e.g., Baird v. Commissioner, 68 T.C. 115, 124 (1977). In deciding whether the benefits and burdens of ownership have passed to a purchaser, we have considered whether the taxpayer: (1) had the right to possess the property and to enjoy the use, rents, and profits thereof; (2) had the right to improve the property without the seller's consent; (3) had the right to obtain legal title at any time by paying the balance of the purchase price; (4) bore the risk of loss of the property; (5) had the duty to maintain the property; (6) was responsible for insuring the property; and (7) was obligated to pay taxes, assessments, and charges against the property. Blanche v. Commissioner, T.C. Memo. 2001-63, slip op. at 21-22, aff'd, 33 F. App'x 704 (5th Cir. 2002); see also Derr v. Commissioner, 77 T.C. 708, 724 (1981); Baird v. Commissioner, 68 T.C. at 124; Merrill v. Commissioner, 40 T.C. 66, 74 (1963), aff'd per curiam, 336 F.2d 771 (9th Cir. 1964).

The Agreement does not address requirements (1) through (3). Regarding requirement (1), right to possess, petitioner used the Sullivan County home with her husband, but she had no written right to do so. Regarding requirement (4), risk of loss, the record does not show that petitioner assumed the risk of loss. After the 2013 sale of the Sullivan County home, there was a remaining balance of

$204,147 on the mortgage account which was canceled by the mortgagee. The fact that petitioner did not report this cancellation of indebtedness income on her 2013 return suggests that she had been under no obligation to pay the mortgage and thus that she had not assumed the burden of ownership of the home.

The Agreement states that petitioner bears the burdens listed in requirements (5) through (7). At trial petitioner's husband acknowledged that he did not remember who paid the mortgage principal, mortgage interest, property and school taxes, and other expenses of the Sullivan County home before 2010, that he did not make a payment from 2010 until the sale of the property, and that any expenses paid during that time were paid by petitioner. We infer that petitioner paid property and school taxes and some other expenses from the fact that her husband testified that he did not pay those taxes or other expenses. However, the record is vague and includes little or no information about the extent to which petitioner bore the burdens of ownership of the Sullivan County home. Household expenses from 2010 to 2011 were paid from an account into which petitioner and her husband deposited their salaries, though it appears that most of the deposits were from her salary. Petitioner testified that she made mortgage payments on the home from 2005 to 2009. However, it appears that at least some

of the mortgage payments had not been made before 2009 because the Sullivan County home was in foreclosure by 2009.

Petitioner cites Uslu v. Commissioner, T.C. Memo. 1997-551, to support her contention that she holds equitable title to the Sullivan County home. In Uslu the taxpayer, unable to secure financing for the purchase of a property, had his brother obtain a loan for the property while the taxpayer paid the mortgage as well as all other expenses for maintenance and improvements on the property. Id. In Uslu the taxpayer made every mortgage payment. In contrast, foreclosure proceedings commenced in 2009 regarding the mortgage on the Sullivan County home. Additionally, unlike the taxpayer in Uslu, petitioner made no payments on the mortgage after July 18, 2011.

Petitioner's argument that she held equitable title to the Sullivan County home because of her marriage to the owner is not supported by New York law. Under New York law the mere fact of marriage does not entitle each spouse to a present vested ownership in marital property. In re Estate of Schwartz, 509 N.Y.S.2d 729, 731 (Sur. Ct. 1986), aff'd in part, rev'd in part sub nom. Sperber v. Schwartz, 527 N.Y.S.2d 279 (App. Div. 1988).

Because the record does not show she bore the benefits and burdens of ownership, petitioner was not the holder of equitable title to the Sullivan County home and may not deduct interest paid in 2013 relating to that mortgage.

<u>Decision will be entered</u>

<u>for respondent</u>.