600 A.2d 1261

Thomas J. GERAGHTY

v.

Patricia GERAGHTY.

Appeal of Francis FLEMING, Esquire, Executor of the Estate of the Above Named Defendant, Thomas J. Geraghty, Deceased.

Superior Court of Pennsylvania.

Argued July 30, 1991.

Filed Nov. 20, 1991.

Reargument Denied Jan. 28, 1992.

54

---

Thomas A. Fosnocht, Jr., West Chester, for appellant.

Donald A. Mancini, Asst. Dist. Atty., Malvern, for appellee.

Before MONTEMURO, TAMILIA and BROSKY, JJ.

BROSKY, Judge.

This is a certified appeal from an interlocutory order of the trial court which directed the decedent to change the beneficiary designation on two life insurance policies that had been purchased during the parties' marriage.

Appellee, Patricia Geraghty, and appellant's decedent, Thomas Geraghty, were married in 1969. One child, David Geraghty, was born during the marriage. Two life insurance policies on the life of Mr. Geraghty were acquired during the parties' marriage.[1] Appellant concedes that appellee was the designated beneficiary on both of these policies prior to the parties' separation.[2]

In June of 1986, Mr. Geraghty was found to have cancer of the colon and subsequently underwent a course of medical treatment for this disease. Shortly after Mr. Geraghty learned of his illness, the parties' marital relationship began to deteriorate to the point where Mr. Geraghty entered into a meretricious liaison with Mrs. Cynthia Chatfield, who was at that time married to her husband, Mr. Chatfield. Mr. and Mrs. Geraghty finally separated in December, 1987, and Mr. Geraghty subsequently moved in with his paramour. Mr. Geraghty and Mrs. Chatfield had one child, Ryan Geraghty, who was born in 1988.

1. One policy was issued by Prudential in the sum of $165,000.00; the other policy was from TransAmerica, in the sum of $250,000.00. Copies of the insurance policies were never introduced into evidence nor have they otherwise been made a part of the certified record.

2. There appears to be some confusion on this matter. In her petition for special relief, appellee asserted that she was the beneficiary on the Prudential policy and that David Geraghty was the beneficiary on the TransAmerica policy. *See* Petition for Special Relief at paragraphs 14 and 15. At the hearing, however, appellee testified that she was the designated beneficiary on both the TransAmerica and Prudential policies. *See* N.T., 6/29/90, at 23. Appellant concedes that appellee was the beneficiary on both policies prior to the parties' separation. *See* Appellant's Brief, at 5. Because the parties do not appear to dispute this issue on appeal, we will assume that appellee was in fact the designated beneficiary on the policies prior to the parties' final separation.

After the parties' final separation, Mr. Geraghty commenced this action by filing a divorce complaint in January of 1988. Although several hearings regarding the divorce action and equitable distribution matters were held before a special master, neither transcripts of these proceedings nor any other relevant documentation adduced therein have been made a part of the certified record. During the pendency of the divorce/equitable distribution proceedings, Mr. Geraghty apparently changed the beneficiary designations on the TransAmerica and Prudential policies. Thus, Ryan Geraghty was named as the beneficiary of the TransAmerica policy and David Geraghty was made the beneficiary of the Prudential policy. In addition, Mr. Geraghty acquired a third life insurance policy following his separation from his wife. This policy was identified as the UNUM policy, and was in the amount of $60,000.00. David Geraghty was made the beneficiary of this policy. Although appellee was apprised of the changed beneficiary designations on the TransAmerica and Prudential policies when Mr. Geraghty filed his Inventory and Appraisement in May of 1989, she did not make any attempt to have the prior beneficiary designations reinstated at this time. In February of 1990, Mr. Geraghty made a claim for accelerated death benefits under the Prudential policy and he received a check in the amount of $144,051.40 as payment on this claim.[3] Mr. Geraghty subsequently re-designated both Ryan and David Geraghty as co-equal beneficiaries on the TransAmerica policy in May, 1990.

Mr. Geraghty's health steadily declined and required him to enter the hospital in June, 1990. Upon learning of Mr. Geraghty's serious condition, appellee filed a petition for special relief pursuant to Pa.R.C.P., Rule 1920.43, 42 Pa. C.S.A. A hearing on the petition was held on June 29, 1990, following which the trial court granted appellee's petition

3. *See* Appellee's Answer and New Matter to [Appellee's] Petition to Vacate, Exhibit B (Letter from Prudential to appellee's counsel and copy of canceled check). Appellee did not discover that Mr. Geraghty had cashed in the Prudential policy until September 6, 1990, when she received the letter from Prudential.

and directed Mr. Geraghty to re-designate appellee as the beneficiary on the TransAmerica and Prudential policies. Although the trial court gave Mr. Geraghty a period of seven days in which to comply with the order, the trial court directed the prothonotary to complete the necessary changes in the event of Mr. Geraghty's death. Mr. Geraghty died before the expiration of this period and did not attempt to satisfy the trial court's directive.

Following Mr. Geraghty's death, letters testamentary were granted to appellant, Mr. Francis Fleming, Esq., the executor of Mr. Geraghty's estate.[4] A timely filed motion for reconsideration was filed on Mr. Geraghty's behalf, but was summarily denied by the trial court. On August 29, 1990, the June 29, 1990 order was amended to include a statement certifying the order for the purpose of an interlocutory appeal. See 42 Pa.C.S.A. § 702(b). On September 28, 1990, appellant timely filed a petition for permission to appeal from the trial court's interlocutory order, as required by Pa.R.A.P., Rule 1311(b), 42 Pa.C.S.A. Appellant also filed a petition to vacate the order on this same date, however, no action was taken with respect to this petition.[5] We granted appellant's petition for permission to pursue this interlocutory appeal by a per curiam order entered on January 24, 1991.[6]

**4.** Because of Mr. Geraghty's death during the pendency of this action, Mr. Fleming in his capacity as the executor of Mr. Geraghty's estate, has been substituted as the plaintiff in the action below and as appellant here.

**5.** Because appellant has been granted permission to appeal from the amended interlocutory order, the trial court is precluded from taking further action in this matter. See Pa.R.A.P., Rule 1701(a), 42 Pa.C.S.A. and 42 Pa.C.S.A. § 5505.

**6.** We note that appellant also timely filed a direct appeal from the trial court's amended interlocutory order. This appeal was docketed at No. 02757 Philadelphia 1990, whereas appellant's petition for permission to appeal from the interlocutory order was docketed at No. 170 Misc.Dkt. 16. Although appellant's attempt to directly appeal the interlocutory order would ordinarily have been quashed, we indicated in our order that the petition to pursue the interlocutory appeal would be transferred to the docket number previously assigned to this case at No. 02757.

Appellant presents the following issues for review: (1) whether the order is moot: (a) due to the death of the decedent, thereby causing an abatement of the divorce action and equitable distribution matters; and/or (b) because the order was interlocutory and executory; (2) whether the order was invalid because it purported to dispose of marital assets prior to the entry of a divorce decree; (3) whether the Divorce Code permits the courts to designate or change the beneficiaries on a life insurance policy *pendente lite;* and (4) whether the trial court erred: (a) because appellee's claim is barred by the doctrine of laches, and (b) by inequitably distributing the life insurance proceeds to favor the decedent's legitimate rather than illegitimate child. For the reasons set forth below, we vacate the order of the trial court and remand for further proceedings consistent with this opinion.

In reviewing the merits of this appeal, we observe that "[t]he granting of relief under [Pa.R.C.P.,] Rule 1920.43, 42 Pa.C.S.A.] is within the sound discretion of the trial court and is an exercise of the court's equitable powers. Absent an abuse of discretion, the appellate court will not disturb the lower court's decision." *DeMatteis v. DeMatteis*, 399 Pa.Super. 421, 428, 582 A.2d 666, 669 (1990). *See also*

With regard to the issues raised on appeal, appellee suggests that they are not properly before this court because our order granting the interlocutory appeal limited the issues which appellant may present. *See* Appellee's Brief at 3. Appellee has misconstrued our order, in which we stated: "The court hereby grants the petition for permission to appeal from the trial court order directing the decedent to change the beneficiary designations on two life insurance policies." Contrary to appellee's interpretation, this sentence does not purport to limit the issues raised by appellant. Instead, it describes with particularity the order from which appellant has appealed.

Once permission to appeal from the interlocutory order has been granted, an appellant can only raise the issues set forth in the petition for permission to appeal from an interlocutory order. *See* Pa.R.A.P., Rule 1312(a)(4), 42 Pa.C.S.A. However, the issues raised in the petition are deemed to include every subsidiary question fairly comprised therein. *See id.* Because the issues raised in appellant's statement of questions were either raised in appellant's petition for permission to appeal or were implicated therein as a subsidiary question, we find all of these issues to be properly before us for review.

*Frank v. Frank,* 402 Pa.Super. 458, 462, 587 A.2d 340, 342 (1991) (for a similar standard of review). We will evaluate the trial court's order in accordance with this standard.

Although appellant raises four distinct questions for review, we observe that the first three claims are inextricably intertwined in that they all involve an analysis of the trial court's power to direct the designation of a beneficiary on a life insurance policy prior to the entry of a divorce decree. With regard to the trial court's ability to dispose of economic claims in a divorce action, this court has observed that "[t]he Divorce Code ... establishe[s] a comprehensive scheme for the dissolution of marriage, the distribution of marital property, and the resolution of related economic claims. Within that scheme, it is contemplated that 'equitable distribution of property acquired during the marriage occurs *only upon divorce.*'" *Reese v. Reese,* 351 Pa.Super. 521, 525–526, 506 A.2d 471, 473 (1986), *quoting Bacchetta v. Bacchetta,* 498 Pa. 227, 235, 445 A.2d 1194, 1198 (1982) (footnote omitted) (emphasis supplied by the court). As further explained by this court:

> The determination of economic claims flows from the divorce decree, which is the *sine qua non* of any consideration of economic matters. Once the [divorce] decree has been entered, the right of the spouse to the distribution of marital property and other economic claims[,] where these matters have been properly put in issue before the death of the spouse, is vested. However, [u]nless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property. Therefore, because a divorce action is abated by the death of one of the parties prior to the entry of a [divorce] decree, economic claims are also abated by the death of one of the parties prior to the entry of a decree.

*Myers v. Myers,* 397 Pa.Super. 450, 452, 580 A.2d 384, 385 (1990). *See also* 23 P.S. § 301(a), § 401(a), (b), (b.1), (c) and (d), repealed and re-enacted by the Act of December 19, 1990, P.L. 1240, No. 206, and codified at 23 Pa.C.S.A. § 3104(a), § 3323(a), (b), (c), (f) and § 3502(a) (which all

emphasize the legislature's intent to provide for the adjudication of economic claims in conjunction with or following the entry of a divorce decree).[7]

In applying the above principles and relevant provisions of the Divorce Code to the facts of this case, we are compelled to conclude that the trial court abused its discretion. We first observe that the trial court attempted to circumvent the provisions of the Divorce Code by distributing some of the marital assets prior to the entry of a final divorce decree. The trial court specifically indicated that the two life insurance policies and Mr. Geraghty's pension were marital property that was subject to equitable distribution by the court. *See* Findings of Fact and Order, 6/29/90, at 3. The trial court was also aware of Mr. Geraghty's condition and of the fact that his death was imminent. *See id.*, at 3–4. Due to Mr. Geraghty's impending death, it was extremely unlikely that any further action could or would be taken regarding either a divorce decree or the economic claims. Thus, the trial court's order cannot be construed as an attempt to preserve marital property for future equitable distribution because it was apparent that no future proceedings would ever occur. When viewed in this context, the trial court's directive that appellee be reinstated as the beneficiary cannot be interpreted as anything other than a distribution of the life insurance proceeds and pension benefits to appellee. Because a permanent distribution of marital assets prior to the entry of the divorce decree violates the provisions of the Divorce Code, the trial court's order must be vacated.

We also observe that the trial court operated under the erroneous assumption that it had the authority to order a change in the beneficiary designations in the event of Mr. Geraghty's death. *See* Findings of Fact and Order,

7. Because the new provisions of the Divorce Code use the same or substantially the same language as the repealed provisions, the repeal and reenactment does not affect our analysis. *See Brangs v. Brangs,* 407 Pa.Super. 43, 45 n. 1, 595 A.2d 115, 116 n. 1 (1991) and 1 Pa.C.S.A. § 1962. We have cited to both the former and current provisions for convenience and clarity.

6/29/90, at 4. As made clear by *Myers v. Myers, supra,* and the cases cited therein, the determination of any economic or similar claims which are ancillary to the divorce action must be made in conjunction with or following the entry of a divorce decree. Because the trial court's powers are derived from and are contingent upon the continued existence of the divorce action, the trial court has no jurisdiction to proceed if one of the parties dies prior to the entry of a divorce decree. *Myers v. Myers, supra.* The abatement of the divorce action and other proceedings thus divested the trial court of its power to alter the beneficiary designations on the life insurance policies after Mr. Geraghty's death.

Since our analysis of appellant's first three issues adequately disposes of this appeal, we decline to address the merits of the remaining claims regarding application of the doctrine of laches and whether the trial court impermissibly discriminated against Mr. Geraghty's illegitimate child. To summarize our holding, we find that the trial court abused its discretion in this case by attempting to make a permanent award of marital property prior to the entry of a valid divorce decree. We further conclude that the trial court lacked jurisdiction to enforce its order after the divorce action abated due to the demise of one of the parties. Because the trial court abused its discretion in attempting to enter and enforce its directive despite its patent lack of jurisdiction, we vacate the order and remand to the trial court.[8] Upon remand, we specifically direct the trial court

---

**8.** Although the issues raised in this appeal focused on the beneficiary designations on the two insurance policies, the entire order must be vacated because of the trial court's lack of jurisdiction. Because the order attempted to distribute other marital and non-marital assets in addition to the insurance policies, we will briefly discuss the effect of the trial court's order on and our disposition of these assets. We further note that because the Prudential policy had been cashed in by Mr. Geraghty long before the trial court's order was entered, the trial court's attempt to designate a beneficiary on this non-existent policy was moot. *See In re: Cain,* 527 Pa. 260, 263, 590 A.2d 291, 292 (1991) (discussing mootness).

The remaining assets distributed by the trial court consisted of the UNUM policy and Mr. Geraghty's pension benefits. With regard to

to relinquish control of the funds paid by TransAmerica to the beneficiaries designated by Mr. Geraghty, that is, David Geraghty and Ryan Geraghty, as co-equal beneficiaries.

Order vacated. Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

TAMILIA, J., concurs in the result.

the UNUM policy, the record reveals that it was acquired after the parties' final separation. As correctly recognized by the trial court, this policy would not have been subject to equitable distribution had the divorce action progressed. *See* 23 P.S. § 401(e)(4), repealed and reenacted at 23 Pa.C.S.A. § 3501(a)(4). Thus, the trial court's attempt to "award" this property to Mr. Geraghty, aside from being invalid for the reasons previously discussed, did nothing more than recognize Mr. Geraghty's previously existing right to possess and dispose of this asset. Accordingly, the "award" of this property cannot be used, as suggested by appellee, to create an estoppel or reliance so as to require that the order be upheld. *See* Appellee's Brief at 20. *Compare Reese v. Reese, supra,* 351 Pa.Super. at 528–529, 506 A.2d at 475 (in which we held that a party who requested equitable distribution prior to the entry of a divorce decree and who received the requested relief would be estopped from asserting that the trial court lacked jurisdiction to distribute the marital property prior to granting a divorce). *Reese* is clearly distinguishable from the facts of this case since Mr. Geraghty did not request pre-divorce equitable distribution. Further, Mr. Geraghty cannot be said to have relied upon the court's order. Because Mr. Geraghty would have been free to dispose of this asset in the absence of the trial court's order, our disposition does not affect any change in the beneficiary designation which he may have made prior to his death.

The last asset distributed by the trial court was Mr. Geraghty's pension. According to appellant, Mr. Geraghty could not designate any beneficiary other than his spouse. *See* Appellant's Motion for Reconsideration at paragraph 6. If this allegation is assumed to be true, then the trial court's purported award of one-half of the pension to Mr. Geraghty was a nullity since appellee would have been entitled to receive the entire pension benefit. In addition to this problem, it is clear that the trial court had no authority to determine and distribute the parties' share of Mr. Geraghty's pension prior to the entry of the divorce decree. Therefore, the trial court's award of this asset must likewise be vacated. If, as appellant asserts, a spouse is the only party

eligible to receive the pension, then we presume that appellee will be entitled to receive this asset.