**Perron v. Perron**

*Peter E. Horne,* for plaintiff.
*Frank G. Verterano,* for defendant.

PRATT, *J.,* October 21, 1993—The plaintiff has filed a petition to direct payment, seeking $3,000 from defendant's previous counsel, Alfred Papa, Esq. Plaintiff asserts in paragraph five of his petition that "as part of [an] agreement reached on March 9, 1992, as recognized by the order of this court dated March 18, 1992, attorney Alfred V. Papa guaranteed the payment of the sum of $3,000 to the plaintiff if the defendant did not comply with the court's order of March 9, 1992." Specifically, this court's March 9, 1992 order directed the defendant to notify the plaintiff 24 hours in advance of the defendant's arrival in Florida in order to transfer custody of the child to the plaintiff. Because defendant failed to comply with this directive, attorney Horne

argues that attorney Alfred Papa should be liable for the $3,000.

After a rule to show cause was issued, pursuant to the plaintiff's petition, attorney Susan Papa filed preliminary objections contending, among other things, that plaintiff's petition should be stricken and the rule dissolved, because the petition was not based upon any valid order of court of the state of Florida. Indeed, attorney Papa argues that all of plaintiff's actions before the Court of Common Pleas of Lawrence County, Pennsylvania were based upon a voided order of court, the implication of which is that any orders resulting from the voided order were also null and void.

A review of the history of this case reveals that Sharlene R. Perron filed a complaint for divorce on January 21, 1992 at No. 106 of 1992, C.A., Lawrence County. On February 25, 1992, Luc Perron, the plaintiff, filed a petition to enforce an out-of-state custody decree under section 5356 of the Uniform Child Custody Jurisdiction Act, 42 Pa.C.S. §5356. The plaintiff had obtained a final judgment of dissolution of marriage in the Circuit Court of the 9th Judicial District in Orange County, Florida on February 13, 1992. That same Florida order awarded custody of the parties' minor child to the plaintiff. It was this provision of the Florida divorce decree that the plaintiff, Luc Perron, sought to have enforced in Pennsylvania.

On February 24, 1992, this court entered an order enforcing the Florida order. On March 2, 1992, Sharlene Perron, the defendant, filed a petition for special relief asserting that the Florida order was improperly entered and that Pennsylvania was the proper forum for litigation of custody issues and, consequently, requesting that the order of the Florida court be stayed until jurisdiction could be determined. On March 2, 1992, following

a hearing and this court's pronouncement that it would enforce the Florida custody decree, thereby transferring physical custody of the parties' minor child to the plaintiff, Luc Perron, defendant Sharlene Perron left the courthouse with the child and was unable to be located. On March 3, 1992, Luc Perron filed a petition to hold defendant in civil contempt for disobedience of custody order. A hearing was scheduled for March 4, 1992. On March 4, 1992, Sharlene Perron filed a motion for reconsideration and modification alleging that the plaintiff, Luc Perron, had obtained the decree in Florida without proper service and notice to defendant. In other words, she contended Florida was without jurisdiction to grant plaintiff a decree of divorce.

By order of this court dated March 9, 1992, Sharlene Perron was directed to return to Orange County, Florida on March 18, 1992 and transfer physical custody of the child to the plaintiff. Sharlene Perron was also advised to file a petition to modify in Florida, seeking a modification of the Florida court's order regarding custody. On March 17, 1992, Sharlene Perron secured from the Orange County Court an order voiding the final judgment of dissolution of marriage bearing the date of February 18, 1992, with the Florida court concluding that the court was without jurisdiction.

The issue here is whether the agreement and subsequent order of March 18, 1992, incorporating the agreement to pay $3,000 remain valid when such an agreement and order were predicated upon the Florida order which ultimately was declared null and void.

While the court could find no cases directly on point, we conclude, on the principles and for the reasons discussed below, that plaintiff's petition to direct payment must be dismissed, as the agreement and subsequent order to pay $3,000 at issue are legal nullities having

been the result of an invalid and subsequently voided Florida divorce decree.

## DISCUSSION

According to the Restatement of Judgments 2d.:

"A judgment rendered in one state and relied upon as the basis of a claim or defense in a subsequent action in another state may be avoided in the subsequent action on the ground that the judgment was rendered without compliance with the requirements stated in section 1, *i.e.* that the court rendering the judgment have [sic] had territorial jurisdiction and jurisdiction of the subject matter of the action, and that adequate notice have [sic] been afforded." Restatement of Judgments 2d vol. 2, Title C. Judgments of Another State, §81 (Invalid Judgments).

In this case, the need for avoiding the Florida divorce and/or custody decree is rendered moot because the defendant, Sharlene Perron, by direct attack on the decree in the rendering state, was successful in vacating the decree.

The question then arises as to the status of the parties and of orders rendered by this court based upon a null and void foreign decree or order.

Again, we have been unable to find Pennsylvania cases on point. We believe, however, that the principles applied in *Geraghty v. Geraghty,* 411 Pa. Super. 53, 600 A.2d 1261 (1991), and *Ericsson Estate,* 5 Fiduc. Rep. 225 (Montgomery County Orphans' Court, 1955) are readily applicable to our present determination.

In *Geraghty,* the Superior Court, citing to *Myers v. Myers,* 397 Pa. Super. 450, 580 A.2d 384 (1990), found that "the determination of any economic or similar claims which are ancillary to the divorce action must

be made in conjunction with or following the entry of a divorce decree." *Geraghty, supra* at 61, 600 A.2d at 1264. The powers of a court are derivative of and contingent upon the continued existence of a divorce action, and the abatement of a divorce action divests the trial court of jurisdiction to proceed. *Id.* The court explained that unless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property. *Id.*

In *Ericsson Estate, supra,* the decedent's son, who himself had a son, predeceased her and the decedent's son's surviving widow remarried. The new husband adopted the decedent's son's child. For reasons not appearing in the opinion, the adoption was vacated and set aside and annulled by the Ohio trial court. The Superior Court in *Ericsson* on appeal found that, when an adoption decree in another state was vacated and rendered void, the subject child was reestablished as a legitimate legatee of his paternal grandmother under the Will Act of 1947.

We also find useful the rulings in two cases from our sister state of Ohio. In both *Cowgill v. Cowgill,* 17 Ohio St. [2d] 138, 172 N.E.2d 721 (1960), and *Holderle v. Holderle,* 40 Ohio St. [2d] 305, 229 N.E.2d 79 (1967), the issue was whether a Court of Common Pleas refusing to grant a divorce to either party retained jurisdiction to issue an order respecting future custody and property rights. Both courts concluded, similar to the Pennsylvania *Geraghty* ruling, that, in a divorce action in which the issue of custody has been raised and a divorce denied, the court lacks jurisdiction to award custody, as the determination of any claims which are ancillary to the divorce action must be made in conjunction with or following the entry of a divorce decree. The court went on to conclude that it is not

possible, then, to effectuate the disposition of children since the parties are still married and each have rights and responsibilities in the care, custody, and control of their children. In such a case, only by a separate and distinct custody action commenced in a court of competent jurisdiction may a custody disposition be validly rendered. *Cowgill v. Cowgill, supra; Holderle v. Holderle, supra.*

We conclude that a voided court order or decree is a legal nullity and, for all intents and purposes, the order or decree never existed. Consequently, any ancillary claims acquired or accrued by virtue of the order or decree now voided are also voided as though they never existed. Any action or orders rendered subsequent to the voided order or decree are also void and have no legal effect. As a denial of divorce decree in the first instance leaves the parties married, a voided decree of divorce reestablished the parties' marital status, conferring upon each those same rights and responsibilities existing during the marriage.

All issues as to divorce, custody, support, and equitable distribution relative to the instant parties in this case and the Florida decree of divorce are no longer, nor were they in fact ever, viable. Therefore, all subsequent agreements, orders, or decrees predicated upon the Florida decree of divorce are unenforceable.

We conclude, therefore, that plaintiff's petition to direct payment must be dismissed, and any outstanding orders resulting from the voided Florida divorce decree must also be vacated and rendered null and void.

The directives of this court shall be effectuated by the accompanying order of court.

### ORDER

For the reasons set forth in the accompanying opinion, plaintiff's petition to direct payment is dismissed. Additionally, the court vacates any and all outstanding orders of court filed in this case, which resulted from the initial filing of the petition to enforce an out-of-state custody decree in Lawrence County, by the plaintiff on February 25, 1992.