TAYLOR, J.
Karen J. Topol appeals from a final summary judgment in favor of Joely Polo-koff and Virginia Lockwood-Zisa. The appeal concerns a dispute over entitlement to an IRA account owned by appellant’s husband, who died while divorce proceedings were pending between him and appellant. The trial court entered final summary judgment for appellees, the husband’s daughters, after determining that interlocutory orders which compelled the husband to change his IRA account beneficiary designation from appellees to appellant did not survive abatement of the divorce proceedings upon the husband’s death.[1] We agree and affirm.

Factual Background

After a twenty-year marriage, appellant initiated dissolution of marriage proceedings against her husband, Kenneth A. Po-lokoff. At that time, appellant was listed as the beneficiary of her husband’s New-bridge Rollover Individual Retirement Account (IRA). On May 16, 2007, about a month after the dissolution action was filed, the husband executed a new beneficiary designation, removing appellant as the primary beneficiary of the IRA account and naming his two daughters as co-primary beneficiaries. At that time, there was no court order prohibiting this change, and the husband did not advise the wife or judge in the dissolution proceedings of his beneficiary change.
On June 19, 2007, in an Agreed Partial Temporary Relief Order, the husband agreed he would not withdraw any funds from his retirement accounts, and both parties were prohibited from dissipating, disposing of, or transferring any assets to third parties or third party accounts. When the wife later found out during discovery about the IRA beneficiary change made by the husband on May 16, she filed a motion for contempt, or alternatively, for additional temporary relief and clarification of the order dated June 19, 2007.
The trial court found the husband in contempt for failing to disclose the beneficiary change — not for making the change — and ordered him to restore appellant as the beneficiary of the IRA account. Twice, he refused and appealed to our court.[2] In August 2008, the family court warned him that if he continued to refuse to obey the court’s order he would be held in contempt and taken into custody. He acquiesced and designated appellant as the sole beneficiary of the IRA account. He died after signing the designation, but before the court entered a final judgment of dissolution of marriage. The trial court granted appellant’s motion to have the dissolution proceedings dismissed.
Appellee Joely Polokoff sought a declaratory decree that the August 2008 beneficiary designation of appellant was invalid because the interlocutory order forcing her father to designate appellant as the beneficiary of the IRA account was null and void, along with any other actions taken pursuant to the interlocutory order. Polokoff *343 asked the court to restore her and her sister as the valid beneficiaries of their father’s IRA account pursuant to his May 2007 designation.
Both sides ultimately filed motions for summary judgment. They agreed that there were no disputed issues of material fact and that only questions of law remained. The trial court granted Polokoff s motion for summary judgment, ruling that the interlocutory order (and the resulting IRA designation) ceased to exist upon the husband’s death, as they did not survive the abatement of dissolution proceedings. Analysis
We review a trial court’s entry of final summary under a de novo standard. Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)).
The dissolution of marriage proceedings were properly dismissed upon the death of appellant’s husband. See Marlowe v. Brown, 944 So.2d 1036, 1040 (Fla. 4th DCA 2006). In Marlowe, the husband died before the entry of a final judgment of dissolution of marriage. Before his death, at the beginning of the divorce case, he had entered into a “mediation settlement agreement.” Id. at 1037. The trial court entered an order on the settlement agreement and determined that the property would be split “fifty-fifty.” Id. at 1038. The order “did not place a value on any asset.” Id. After the husband died, his brother, serving as the personal representative of the estate, sought enforcement of the mediation agreement, contending that it survived the death of the husband and controlled the distribution of property after his death. Id. at 1040. We disagreed and held that the mediation agreement and subsequent prejudgment order did not survive the husband’s death while the divorce was pending. Id. We noted that “[ijnterlocutory orders in a divorce proceeding generally do not survive the dismissal of a lawsuit when a spouse dies before the entry of a final judgment” and that, after the death of a spouse during a divorce, it is as if. no divorce has ever been had. Id. We further reasoned that the mediation agreement was “too tentative and preliminary to control the disposition of property after the death of the husband,” and noted that the order granting the wife’s motion to divide joint accounts 50-50, like the agreement, was “interlocutory only, a step in the direction of a final solution, the final judgment that was never entered.” Id. at 1040-41.
Here, appellant acknowledges that the order requiring the husband to designate her as beneficiary of the IRA account was interlocutory, intended only to preserve the status quo and protect her in the event that her husband died before a final judgment of dissolution could be entered. She further concedes that the order was temporary in nature. A temporary order seeking to preserve the status quo pending a final decree cannot be said to be a final decree devising property in it of itself, and thus, the order in this case did not survive the abatement of the dissolution proceedings. See Marlowe, 944 So.2d at 1039-40 (citing Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, 106-07 (1944)).
Appellant next argues that, even if the order did not survive, her designation as the beneficiary of the IRA account did. The question of whether an action made by a party pursuant to a null and void interlocutory order in a dissolution proceeding survives the abatement of the proceedings has not been squarely addressed in Florida. However, several other jurisdictions, which, like Florida courts, hold that the death of a party in a dissolution proceeding abates the proceedings, have refused *344 to give any effect to actions taken pursuant to orders that have become a nullity. See, e.g., Aither v. Estate of Aither, 180 Vt. 472, 913 A.2d 376, 379 (2006) (“Such a rule would give temporary orders the effect of final distributions of property, thereby unnecessarily creating property rights in parties protected by such initial orders.”); Wilharms v. Wilharms, 93 Wis.2d 671, 287 N.W.2d 779, 783 (1980) (“This Court reasoned that the temporary order is designed to maintain the status quo pending a final resolution of respective property interests. It is not intended to be the ultimate determination of the property rights of the parties.”); Briece v. Briece, 703 F.2d 1045, 1047 (8th Cir.1983) (applying Illinois law and stating, “The temporary restraining order should not be recognized as doing what the death of [one of the parties in a divorce action] prevented the Illinois Circuit Court from doing in a final decree.”); Am. Family Life Ins. Co. v. Noruk, 528 N.W.2d 921, 924 (Minn.App.1995) (“The rule [the surviving spouse] proposes would essentially permit a temporary order to make a final distribution, even though it was never intended to do so.”); Geraghty v. Geraghty, 411 Pa.Super. 53, 600 A.2d 1261, 1264 (1991) (holding that a temporary order of the trial court which would amount to a distribution of marital assets upon the death of a party could not be given legal effect).
In Florida, parties may not appeal the non-final orders of the family court after the proceedings have been abated by the death of a party. See Marlowe, 944 So.2d at 1040-41. Enforcing the beneficiary designation, as appellant proposes, would amount to enforcing a non-appealable and non-final order that determined the property rights of the parties. Every individual has the right to an appeal, and an order which strips an individual of that right should not be enforced. See Bohannon v. McGowan, 222 So.2d 60, 61 (Fla. 2d DCA 1969) (stating that “justice would be denied” if an order was “immune from appeal”); see also Ramos v. Philip Morris Cos., 714 So.2d 1146, 1148 (Fla. 3d DCA 1998) (stating that the right to appeal is constitutionally protected). Thus, we agree with those courts which have found that the ruling urged by appellant would be unjust. We hold that a designation of beneficiary change made pursuant to a court order seeking to preserve the status quo in a dissolution of marriage proceeding does not survive the abatement of the proceedings upon the death of one of the parties.
We have reviewed and considered appellant’s remaining arguments on appeal and find them to be without merit. Accordingly, we affirm the trial court’s entry of final summary judgment in favor of appellees.

Affirmed.

POLEN and HAZOURI, JJ., concur.

. Appellee Lockwood-Zisa was originally a defendant below, but this court granted her motion to realign herself as an appellee for purposes of this appeal.

. The appeals were dismissed upon the death of die husband; we never determined the validity of the family court's order.