J-S21024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEVIN MCNAMARA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DENISE MCNAMARA | : | No. 1319 WDA 2017 |

Appeal from the Order August 14, 2017
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD09-4216-008

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 11, 2018**

Kevin McNamara (Husband) appeals from the order granting the petition for special relief filed by his former spouse, Denise McNamara (Wife), during post-decree proceedings.  Husband challenges the trial court's order directing him to provide Wife with records of his years of military service.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> The parties married in 1996, separated in 2009 and were divorced August 15, 2016.  During the marriage, Husband was an active military service member, engaged either in full or part time service as an Army Reservist.  In 2013, the parties engaged in settlement negotiations and a Consent Order was drafted, memorializing their Agreement.  That Consent Order was never signed by the parties nor was it entered as an Order.  After judicial conciliation, [the lower court] entered a December 2, 2013 Order stating, *inter alia*, that the parties had essentially settled the case pursuant to the terms of the unsigned Consent Order and would memorialize that agreement.  That Order had no mention of medical benefits.  A subsequent Order was entered scheduling a

Master's hearing to address three distinct issues, none of which involved the provision of health insurance or medical benefits.[FN]1

The parties appeared before Special Master Tricia Sorg who issued a recommendation dated June 23, 2016. Again, medical benefits were not raised nor are they addressed in the Master's Recommendation. No exceptions were filed and the Master's Recommendation became a final Order o[n] August 1, 2016.

---

[FN] 1 The issues pertained to payments Husband was to make over time, Husband's entitled [sic] to an APL credit, and Wife's claim for attorney fees. None of these issues pertain to the instant appeal.

Trial Court Opinion, 10/30/17, at 1-2 (footnote in original).

On July 11, 2017, Wife presented a petition for special relief, requesting that Husband provide her with documentation of his military service so she could apply for medical benefits through the military as a divorced spouse.[1] The trial court granted Wife's request, and ordered Husband to provide Wife with "points records of his military service." Order, 7/13/17. On August 2, 2017, Husband filed a motion for reconsideration, in which he argued that Wife was attempting to "reopen the previously settled equitable claims of this divorce, and is seeking additional equitable benefits and/or claims which she waived when the parties entered into a settlement of the equitable distribution." Motion for Reconsideration, 8/2/17, ¶ 19. Essentially, Husband interpreted the trial court's Order as requiring him to provide Wife with lifetime

---

[1] The United States military offers a medical benefits plan referred to as "TRICARE," which provides lifetime medical benefits to former spouses of service members depending on the service member's years of service and the length of the marriage.

medical benefits. Husband argued that it was an impermissible modification of the settlement agreement between the parties. Wife argued that she was not seeking "property or compensation" from Husband; rather, she was seeking a benefit from the United States military, to which she believed she was entitled by virtue of her marriage to Husband. The trial court agreed with Wife, and on August 14, 2017, issued an order upholding the July 13, 2017 order granting Wife's petition for special relief. Husband took the instant timely appeal on September 11, 2017. On October 3, 2017, Husband filed a court-ordered Rule 1925(b) statement of errors complained of on appeal.

Husband presents three issues for our review:

1) Did the Trial Court err as a matter of law in determining that it had subject matter jurisdiction over matters related to healthcare coverage when such matters were not raised in the pleadings nor agreed to by the parties?

2) Did the Trial Court err as a matter of law in granting a petition for special relief for a matter not previously raised by the parties after a final divorce decree had been entered in which the Trial Court included a relinquishment of jurisdiction over matters not raised by the parties?

3) Did the Trial Court commit plain error in ordering [Husband] to produce documents not specifically designed to provide [Wife] with her requested relief?

Husband's Brief at 4.[2]

_____

[2] Husband's Rule 1925(b) Statement raises additional issues, which Husband does not argue in his appellate brief. Accordingly, those issues are waived. ***Chapman-Rolle v. Rolle***, 893 A.2d 770, 774 (Pa. Super. 2006) ("It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal").

Husband's first two issues are related, and thus we address them together. First, Husband alleges that the trial court lacked jurisdiction to entertain Wife's petition for special relief. Husband asserts that the trial court's jurisdiction is limited to claims raised by the parties in pleadings. Husband's Brief at 12. Husband argues that because neither party raised a claim for medical benefits in their filings, the trial court lacked jurisdiction to consider Wife's petition for special relief. Further, while Husband acknowledges that Section 3323(f) of the Divorce Code extends a trial court's jurisdiction beyond the pleadings filed by the parties, he contends that a trial court's jurisdiction pursuant to Section 3323(f) is "limited to interpreting and enforcing unmerged property settlement agreements negotiated by the parties in contemplation of divorce." Husband's Brief at 19-20 (citing *Annechino v. Joire*, 946 A.2d 121 (Pa. Super. 2008); *Foley v. Foley*, 572 A.2d 6 (Pa. Super. 1990); *Fenstermaker v. Fenstermaker*, 502 A.2d 185 (Pa. Super. 1985)); *see also* 23 Pa.C.S.A. § 3323(f).

Second, Husband argues that even if the trial court had jurisdiction, it erred in granting Wife's petition, which was presented to the trial court more than 30 days following the entry of the final divorce decree. Husband's Brief at 21. Husband complains that after the entry of a final divorce decree, the decree may only be re-opened in extraordinary circumstances or upon a finding of fraud. *Id.* at 23-24. Husband argues that because Wife's petition "fails to assert extrinsic fraud or extraordinary cause," the trial court erred in granting Wife's petition. *Id.* at 24.

Ordinarily, this Court reviews an order granting special relief for an abuse of discretion. **See, e.g.**, **Johnson v. Johnson**, 864 A.2d 1224, 1229 (Pa. Super. 2004); **Geraghty v. Geraghty**, 600 A.2d 1261, 1263 (Pa. Super. 1991). However, where, as here, an appeal presents the question of whether a tribunal has jurisdiction to entertain a matter, it presents an appellate court with a pure question of law. As such, our standard of review is *de novo*, and our scope of review is plenary. **A.S. v. I.S.**, 130 A.3d 763, 768 (Pa. 2015).

Generally, a trial court loses jurisdiction to modify a final order 30 days after entry of the order or after an appeal has been filed. **See** 42 Pa.C.S.A. § 5505; 23 Pa.C.S.A. § 3332; **see also** Pa.R.A.P. 1701. Nevertheless, courts with jurisdiction over domestic relations matters have broad jurisdiction to resolve matters uniquely pertaining to matrimonial issues, including disposition of property between the parties, issues related to children, and to resolve "[a]ny other matters . . . which fairly and expeditiously may be determined and disposed of in such action." 23 Pa.C.S.A. § 3104(a)(5).

The family court division, therefore, may exercise broad equitable power.

> In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved or concerned with the disposition of the cause.

23 Pa.C.S.A. § 3323(f).

Further, we note that Pennsylvania Rule of Civil Procedure 1920.43 provides for the filing of a petition for special relief, as follows:

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

. . .

(3) grant other appropriate relief.

Pa.R.C.P. 1920.43. The granting of such relief is an exercise of the trial court's equitable powers. *Jawork v. Jawork*, 548 A.2d 290, 293 (Pa. Super. 1988). This Court has held that "petitions for special relief are not limited to the period when an action is pending[,]" since "[i]t is easily conceivable that, after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order." *Id.* at 292 n. 6.

Here, the trial court rejected Husband's claim that it lacked jurisdiction to entertain Wife's petition for special relief, stating:

Husband . . . ignores the provisions of 23 Pa.C.S.A. § 3104(a)(5)[,] which gives me continuing and broad jurisdiction in matters concerning marriages, divorce, and annulment cases which are before me. He also ignored my equity powers to "issue injunctions or other orders which are necessary to protect the interests of the parties . . ." and the power to "grant such other relief or remedy as equity and justice require against either party . . ." Accordingly, my Order, which requires one party to provide the other with information necessary to determine their eligibility to a medical benefit to which they may be entitled by way of their marriage, is within my jurisdiction.

Trial Court Opinion, 10/30/17, at 4.

In Wife's petition for special relief, she asserted that Husband's refusal to provide a statement of his military service would deny her medical benefits, causing her irreparable harm and prejudice. The trial court, as stated above, concluded that its equity powers provided it with the authority to order Husband to provide Wife with the necessary information and documentation. We agree with the trial court that, under these circumstances, where Husband's refusal to cooperate jeopardizes Wife's entitlement to lifetime medical benefits, "equity and justice" compel entry of the order directing Husband to provide Wife with the necessary documentation regarding his years of military service.

Husband has disregarded the court's continuing jurisdiction and broad equity and enforcement powers, 23 Pa.C.S.A. § 3323(f), as well as the legislative intent in promulgating the amendments to the Divorce Code, which include "effectuat[ing] economic justice between the parties who are divorced . . . and insur[ing] a fair and just determination and settlement of their property rights." 23 Pa.C.S.A. § 3102(a)(6). We conclude, therefore, that when Wife petitioned the court for special relief, the court, through its continuing and broad jurisdiction, properly entertained the petition. Having acted within the confines of the Divorce Code, we further conclude that the trial court's resolution of Wife's claim was not an abuse of discretion.

Likewise, we reject Husband's claim that even if the trial court had jurisdiction to review Wife's claim, it erred in granting Wife's petition because

it was presented to the trial court more than 30 days following the entry of the final divorce decree. Husband's Brief at 21-25; *see also* 42 Pa.C.S.A. § 5505. Although Section 5505 states that "a court upon notice to the parties may **modify or rescind** any order within 30 days after its entry," Husband fails to recognize that here, the trial court did not modify or rescind the final divorce decree. 42 Pa.C.S.A. § 5505 (emphasis added). Rather, the trial court exercised its equitable powers to protect Wife's interest in medical benefits through the United States military. Accordingly, Husband's second argument fails.

Husband's final claim alleges that the trial court's order incorrectly ordered him to produce a "points record," rather than a "DD-Form 214" or "Statement of Service," as Wife requested. Husband's Brief at 26. Husband argues that the trial court cannot order him to produce "confidential information relative to Husband's military employment records simply because it would take him five minutes to do so, when the production of said information ordered bears no relevance on the issue." *Id.* at 27.

Initially, we note that Husband has failed to cite any authority to support his claim that the trial court lacks the authority to order the production of confidential information relating to his years of service in the military. Moreover, it is clear from the record and from Husband's appellate brief that he understands what information Wife requires, namely, a Statement of Service issued by the United States military or DD-Form 214. *See* Husband's Brief at 25-27. However, rather than provide Wife with the time sensitive

information she needs to claim her medical benefits, Husband has willfully disregarded the courts order to provide Wife with the required documentation. Accordingly, we affirm the order of the trial court, with the added admonition to Husband to cooperate with Wife and obtain, transmit, execute or otherwise act to provide Wife with whatever documentation is necessary to facilitate Wife's claim to medical benefits as outlined in the TRICARE health program.

Order affirmed.

P.J.E. Ford Elliott joins the memorandum.

Judge Olson concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2018